## CLARK, Appellant, v. THOMPSON, et al.

### Division Two, February 26, 1901.

1. **Malicious Prosecution:** ACTION OF OUTSIDE ATTORNEY.  Where the prosecuting attorney prepares an affidavit and an information charging plaintiff in the libel suit with having obtained property from one Graves by trick and deception, and sends them to Graves's lawyer with a request to have Graves sign the affidavit and file the papers before the justice, and that is done, Graves's lawyer can not be held in damages for malicious prosecution.  Nor can he be so held, although he had previously written to plaintiff in positive terms, to remit the money he had by such false pretense obtained.

2. ————: PROBABLE CAUSE: INSTRUCTION.  It is not error in a suit for malicious prosecution to refuse to charge the jury that if they believe the defendant instituted the criminal charge for the purpose of collecting a debt, such action of itself constituted "probable cause."  Such instruction involves a confusion of ideas.  Evidence that the prosecution was begun to enforce a civil liability is simply proof of a want of probable cause.

3. ———: ———: ———: LACK OF EVIDENCE. But no instruction should be given on such theory unless there is some substantial evidence to base it upon. Plaintiff bought defendant's cattle, gave him a check therefor, whose payment he stopped as soon as he could telegraph the banker, but afterwards sent defendant a check for a less amount, which defendant cashed, and placed his account for the balance in the hands of an attorney, who tried to collect it and failed. Thereupon, the matter was placed before the prosecuting attorney, and he, after deliberation, instituted a prosecution against plaintiff for obtaining the cattle by means of a trick and false pretense. *Held*, there was no evidence on which to base an instruction to the effect that the institution of the criminal action was for the purpose of collecting the civil liability.

Appeal from Lewis Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*E. A. Dowell* and *R. B. Bristow* for appellant.

(1) The instruction in the nature of a demurrer to the evidence as against the defendant Thompson should not have been given. The evidence, both for plaintiff and defendant, showed that Thompson as attorney for Graves, was consulted and fully advised of the case. He wrote a letter as attorney, which threatened proceedings if the plaintiff did not accede to his request, which reading between the lines and in the light of subsequent action, threatened a criminal prosecution. Staley v. Turner, 21 Mo. App. 251; Peck v. Chouteau, 91 Mo. 151. (2) The court erred in submitting to the jury the question of "probable cause." The current of authorities is that "probable cause" is a question of law, and ought to be so declared by the court. The court may submit to the jury the determination of the existence of certain facts, which go to determine whether or not there was probable cause, but it is the exclusive province of the court, when the facts are found

Clark v. Thompson.

by the jury, to declare whether or not they constitute probable cause. Boogher v. Hough, 99 Mo. 183; Hill v. Palm, 38 Mo. 13; Thomas v. Smith, 51 Mo. App. 605; Jones v. Wilmington, 34 S. E. 398.

*Blair & Marchand* for respondents.

(1) Plaintiff failed to ask the court to define the meaning of "probable cause;" nor did he raise the point of the failure by the court to define it in his motion for a new trial. He thereby waived his right to urge that objection in the Supreme Court. Mitchell v. Bradstreet Co., 116 Mo. 226; Nolan v. Johns, 126 Mo. 159. (2) There was no evidence showing that defendant Thompson acted in bad faith in anything he did in the case. It was therefore the duty of the court to direct the jury peremptorily to find for him. Peck v. Chouteau, 91 Mo. 138. (3) The instructions of defendant Graves were all right. They were warranted by the evidence and the law governing the case. The evidence shows that he gave all the facts to Prosecuting Attorney Jeffries and left the whole matter at his disposal to institute criminal proceedings or not, as his judgment might dictate; that he made the affidavit at the direction of Jeffries, and filed it with the justice by his direction—all he did was by the advice and direction of Jeffries and in good faith. This was "probable cause;" and the facts remaining uncontroverted, the jury was bound to find for defendant Graves, though plaintiff should be innocent of the charge made against him in the affidavit of Graves.

GANTT, J.—In January, 1895, defendant Graves sold the plaintiff some cattle and plaintiff employed him to deliver them at Gosney's, near LaBelle, Mo. Among the cattle was a bull which died the next day after it reached Gosney's.

On the thirtieth of the succeeding October, plaintiff bought seven head of other cattle of defendant Graves. Dur-

ing the negotiations Graves priced the cattle at $200. For the first time plaintiff made the claim that defendant owed him $25 for the bull that died. While denying the claim, it seems that was considered, and defendant sold plaintiff the seven head for $170, for which plaintiff gave defendant a draft on the Farmers & Merchants Bank of Monroe City, Missouri. Graves cashed the draft that same evening at the Lewistown Savings Bank.

Plaintiff drove the cattle to Gosney's, and while there told Gosney he now had a chance to get even with Graves, and was going to stop payment of the draft. He proceeded to LaBelle and wired the bank at Monroe City to stop payment of the draft, and it was dishonored and the protest fees amounting to $2.50 collected of defendant.

After reaching home the plaintiff wrote to defendant that he had placed $145 in the bank subject to his draft.

After consulting the banker through whom he had drawn, defendant concluded to take the $145 on account, and it was paid. He then laid the matter of the balance before the defendant Thompson, who was a lawyer and business man. Thompson thereupon wrote plaintiff:

"B. F. Thompson, Attorney-at-Law and Judge of Probate.

LaBelle, Mo., Nov. 12, 1895.

H. M. Clark, Esq., Monroe City, Mo.

"Dear sir: In the matter of the purchase of the Graves cattle. Will you kindly send me the $25 you attempted to take out of the purchase money for the cattle, together with the protest fees made by your action, in the sum of $2.50. We do not do business in that way in Lewis county. If you are not fully informed as to the law applicable to such action as this, consult your attorney at once and greatly oblige yourself. I make it a rule in my business to give every man an opportunity to get right if he is wrong.            Yours truly,

"B. F. Thompson, attorney for Graves."

Clark v. Thompson.

Receiving no reply defendant Graves went to the prosecuting attorney of Lewis county and stated all the facts of the transactions between himself and Clark, and the prosecuting attorney told him he would examine into the matter.    Some days later he advised him that in his opinion Clark was guilty of obtaining the cattle by means of a trick and a deception, and prepared an affidavit for defendant to sign, and also an information based thereon.    He sent the papers to Mr. Thompson with request to have defendant Graves sign the affidavit and file the papers before the justice of the peace.    This Mr. Thompson did, and a warrant was issued.    Plaintiff was arrested, and an examination had before the justice of the peace, and he was discharged.    He has not been indicted, though several terms of court have elapsed.    Defendant Graves did not sue plaintiff, because, as he testified, he was informed plaintiff was insolvent.    Plaintiff insists he was solvent, but admitted all his visible property was covered with mortgages, some of which he says were in fact paid off, but the record was not satisfied.

At the close of all the evidence the court directed a verdict in favor of defendant Thompson, and after argument the jury returned a verdict for defendant Graves.

Plaintiff appeals, and as the amount of damages claimed by him in his petition exceeds twenty-five hundred dollars, the appeal is rightly in this court.

I.    Plaintiff complains of the action of the circuit court in sustaining defendant Thompson's demurrer to the evidence. We think there was no error in so doing.    Thompson did not advise or commence the prosecution.    The prosecuting attorney after all the evidence was laid before him prepared both the affidavit and the information.    Mr. Thompson simply assisted as counsel at the preliminary hearing.    Counsel for plaintiff says, however, if we will read between the lines of the letter

Thompson wrote plaintiff, we will discover that he was the instigator of the prosecution. We do well if we read all the lines that are brought to us. We see nothing unusual in the demand of Graves for the $25 and notary's fees. Certainly plaintiff appears in a most unenviable light in the second cattle transaction with Graves. That he obtained the cattle by a false pretense can hardly be denied. When he gave the draft for $170 he obviously intended not to pay it as he hurried immediately to the nearest telegraph office to stop its payment.

We agree with the circuit court there was no substantial evidence upon which to send the case to a jury as to defendant Thompson. He acted solely as an attorney, and we find nothing in his conduct indicating a disposition to use his office oppressively or to avail himself of a criminal prosecution to collect the debt of his client Graves. The whole evidence shows that the prosecution was commenced and prosecuted by the prosecuting attorney upon his official responsibility.

II. The second assignment relates to the instructions on "probable cause." Counsel insist that "probable cause" is a question of law for the court and is not to be submitted to the jury. They rely upon Boogher v. Hough, 99 Mo. 183.

In that case it was said by this court: "Probable cause is a question of fact, or a mixed question of law and fact. The legal effect of the evidence offered to show the same is for the court, but the rule is, we think, well settled that the court can not determine the question as a matter of law, unless the facts, when taken as true, are insufficient to make out a case."

But we find that the court in one of its instructions to the jury defined "probable cause" in the exact words approved by this court in Sharpe v. Johnston, 59 Mo. 557. Counsel are clearly mistaken in saying that throughout the instructions the court no where told the jury what constituted probable cause. The court did not err in refusing to charge the

Clark v. Thompson.

jury that if they believed the defendants instituted the criminal charge for the purpose of collecting a debt, such action constituted of itself "probable cause." This proposition involves a confusion of ideas. Evidence that the prosecution was commenced to enforce a civil liability is proof of the want of a probable cause, but there was no such evidence in this case.

The evidence was that plaintiff obtained defendant's cattle by going through the form of giving him a draft therefor which he intended should not be paid, and the payment of which he in fact did stop as soon as he could get to a telegraph office.

Defendant Graves felt he had been wronged and submitted the whole matter to the prosecuting attorney and that officer took time and advised and commenced the prosecution.

There was no evidence that the prosecution was for the purpose of collecting the debt and it would have been error to have predicated an instruction upon such a hypothesis, because there was no evidence to support it.

It is not deemed necessary to set out all the instructions given and refused in this case. Upon the whole evidence the verdict was for the right party, and will not be disturbed.

Judgment affirmed. All concur.