Dale A. PROCTOR,
Plaintiff-Respondent,

v.

STEVENS EMPLOYMENT SERVICES, INC., and Ann J. Stevens, Defendants-Appellants.

No. 68043.

Supreme Court of Missouri, En Banc.

July 15, 1986.

John Bleckman, Charles P. Todt, St. Louis, for plaintiff-respondent.

Larry Brummet, Jay T. Grodsky, Kansas City, for defendants-appellants.

HIGGINS, Chief Justice.

Dale A. Proctor sued Stevens Employment Services, Inc., and Ann J. Stevens in a malicious prosecution action for damages alleged as a result of a civil suit brought by defendants against Proctor. The jury returned a verdict for Proctor against both defendants and awarded $2500 in actual damages and $3000 in punitive damages. The Court of Appeals, Western District, affirmed, with Judge Shangler dissenting and certifying the case to this Court on the ground that the majority opinion conflicts with *Wolford v. United States Leasing Corp.*, 692 S.W.2d 383 (Mo.App.1985). Reversed and remanded.

Appellants contend: (1) the trial court erred in submitting the burden of proof instruction MAI 3.01 because Missouri law requires that the plaintiff prove the elements of malicious prosecution by strict and clear proof; and (2) the trial court erred in submitting the definition of malice contained in instruction MAI 16.01 because this definition does not require the plaintiff to prove the element of malice in order to establish liability and permits the plaintiff to recover punitive damages without a sufficient basis.

Dale A. Proctor entered into a contract with defendants for the agency's services. After Proctor had obtained employment, a dispute arose between him and defendants. Stevens Employment Services, Inc., filed suit against Proctor; Proctor prevailed in that suit. He then filed this malicious prosecution action against defendants.

■ The trial court gave the general burden of proof instruction, MAI 3.01:

In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you. The burden of causing you to believe a proposition of fact is upon the party whose claim depends upon that proposition. In determining whether or not you believe any such proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of the proposition.

Defendants proposed the following burden of proof instruction:

The burden is upon plaintiff to cause you to believe *by strict and clear evidence* the propositions of fact submitted to you. In determining whether or not you believe any proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

(Emphasis added.)

Appellants argue that under Missouri law, the plaintiff in a malicious prosecution action must strictly and clearly prove each element of the cause of action, citing the

following cases: *Harper v. St. Joseph Lead Co.,* 361 Mo. 129, 233 S.W.2d 835, 838 (1950); *Higgins v. Knickmeyer Fleer Realty & Investment Co.,* 335 Mo. 1010, 74 S.W.2d 805, 814 (Mo.1934); *Hunter v. Karchmer,* 285 S.W.2d 918, 931 (Mo.App.1955); *Bellington v. Clevenger,* 228 S.W.2d 817, 818 (Mo.App.1950); *Huffman v. Meriwether,* 201 S.W.2d 469, 473 (Mo.App.1947). Each of these cases, with the exception of *Huffman,*[1] involved the sufficiency of the evidence to make a case. None involved a burden of proof instruction. This Court has adopted separate burden of proof instructions for some types of cases such as MAI 3.02 for eminent domain cases and MAI 3.03 for will contests. However, past decisions do not require that a special burden of proof instruction be given in a malicious prosecution action; therefore, MAI 3.01 was the proper instruction in this case.

The trial court gave the instruction defining malice, MAI 16.01:

> The term "malicious" or "maliciously" as used in these instructions does not mean hatred, spite or ill will, as commonly understood, but means the doing of a wrongful act intentionally without just cause or excuse.

Defendants proposed the following instruction:

> The term "malicious" as used in Instruction Numbers —— [plaintiff's verdict directors against both defendants] refers to an act prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

■ Appellants contend their proposed instruction follows this Court's ruling in *Sanders v. Daniel International Corp.,* 682 S.W.2d 803 (Mo. banc 1984). In *Sanders,* this Court set out the three degrees of malice: (1) actual malice which means "ill will, spite, personal hatred, or vindictive motives;" (2) legal malice which embraces any improper motive; and, (3) malice in law which is defined as "a wrongful act done

intentionally without just cause or excuse." *Sanders,* 682 S.W.2d at 807–8. Under the third degree of malice, or malice in law, the law imputes malice to a wrongdoer from the mere intentional doing of a wrongful act to the injury of another without legal justification or excuse. *Id.*

In *Sanders* this Court determined that MAI 16.01 is essentially a definition of "malice in law" and does not require the jury to find that the defendant acted with an improper purpose. *Sanders,* 682 S.W.2d at 810–11. This Court went on to hold that MAI 16.01 improperly defines the element of "malice" in a malicious prosecution action arising from a criminal proceeding; that proof of legal malice is required to sustain a cause of action; and that proof of actual damages is required to justify punitive damages. *Id.* at 814. In *Wolford v. United States Leasing Corp.,* 692 S.W.2d 383 (Mo.App.1985), the Eastern District determined that *Sanders* requires legal malice for liability and actual malice for punitive damages in a' malicious prosecution action arising out of a civil action as well as a criminal action. *Id.* at 384–5. Transfer to this Court was not requested in *Wolford;* thus, this Court considers for the first time the degree of malice required in a civil malicious prosecution action in light of *Sanders.*

■ In *Haswell v. Liberty Mutual Insurance Co.,* 557 S.W.2d 628 (Mo. banc 1977), this Court stated the rule in Missouri as "where want of probable cause is shown, malice may be inferred by the jury." *Id.* at 635. *See also Northwest Florida Home Health Agency v. Merrill,* 469 So.2d 893 (Fla.App. 1 Dist.1985); *Keys v. Chrysler Credit Corp.,* 303 Md. 397, 494 A.2d 200 (1985); *Pauley v. Hall,* 124 Mich. App. 255, 335 N.W.2d 197 (1983). The malice referred to in *Haswell* is malice in law which is defined in MAI 16.01. *Sanders,* 682 S.W.2d at 810–11.

In *Sanders* this Court stated the reasons for requiring a higher degree of malice in a

---

**1.** In *Huffman,* the court set aside a default judgment and remanded for trial on the merits.

criminal malicious prosecution action than in a civil malicious prosecution action:

In *Haswell v. Liberty Mutual Insurance Co.*, 557 S.W.2d 628 (Mo. banc 1977), this Court discussed adopting the Restatement definition of malice for malicious prosecution of civil proceedings. The passing years, the ever increasing problem of crime, and the need for effectively carrying out the public policy of urging citizens to aid in the prosecution of crime now mandates that we reach a different result with respect to malicious prosecution actions arising from a criminal proceeding.

*Sanders*, 682 S.W.2d at 814. This Court proceeded to hold that legal malice, rather than malice in law, would be required to establish liability in criminal prosecution cases. *Id.* This Court now determines that the public policy of encouraging citizens to uncover and prosecute crimes does not apply in a civil malicious prosecution action and that malice in law, as defined in MAI 16.01, satisfies the element of malice required to sustain a civil prosecution action. Therefore, the decision in *Wolford* requiring a finding of legal malice to establish liability in a civil prosecution case should no longer be followed.

The next issue to consider is whether MAI 16.01 properly instructs the jury on the required mental state for punitive damages. A higher degree of malice should be required to award punitive damages than to find liability. *Sanders*, 682 S.W.2d at 814; *Overman v. Southwestern Bell Telephone Co.*, 706 S.W.2d 244, 248 (Mo.App.1986). *See also AAA Employment, Inc. v. Weed*, 457 So.2d 428 (Ala. App.1984) (punitive damages can be awarded in malicious prosecution cases only if evidence indicates the defendant's motivation in instituting the prior action was more than mere malice). In Missouri legal malice has generally been required in order to support punitive damages. *See Pollock v. Brown*, 569 S.W.2d 724, 733 (Mo. banc 1978). Legal malice requires proof of a mental state whereas malice in law rests upon a legal presumption independent of any proof concerning a defendant's mental

state. *Sanders*, 682 S.W.2d at 808. The jury must be instructed that in order to award punitive damages in a malicious prosecution case arising from a civil proceedings it must find that the defendant acted with an improper motive. Therefore this Court utilizes the wording of the Restatement of Torts (Second) § 676 (1977) as appropriate language to instruct the jury on punitive damages in a civil malicious prosecution action. The jury must be instructed that in order to award punitive damages, "the proceedings must have been initiated or continued primarily for a purpose other than that of securing the proper adjudication of the claim on which they are based."

Therefore, the judgment is reversed and the cause remanded for retrial consistent with this opinion.

BILLINGS, DONNELLY, ROBERTSON and RENDLEN, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

WELLIVER, J., dissents in separate opinion filed.

BLACKMAR, Judge, concurring.

I concur, but would give the plaintiff the opportunity to give up his claim for punitive damages and hold his verdict for actual damages as suggested in my dissenting opinion in *Day v. Wells Fargo Guard Service Co.*, 711 S.W.2d 503 (Mo.banc 1986).

WELLIVER, Judge, dissenting.

I respectfully dissent for the reason that I believe that the standards of *Sanders v. Daniel International Corp.*, 682 S.W.2d 803, (Mo. banc 1984), are as applicable to this civil action as to a criminal action in *Sanders*. This is especially so with regard to punitive damages.