**Oliver and Helen LINSIN, Plaintiffs-Appellants,**

v.

**TRANSPORTATION INSURANCE COMPANY and James M. Daly, Defendants-Respondents.**

No. 48356.

Missouri Court of Appeals, Eastern District, Division One.

April 16, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1985.

Application to Transfer Denied June 25, 1985.

---

Robert Herman, St. Louis, for plaintiffs-appellants.

Donald James, St. Louis, for Transp. Ins. Co.

William F. James, St. Louis, for James M. Daly.

PUDLOWSKI, Presiding Judge.

This is an appeal from an order of the Circuit Court of the City of St. Louis which dismissed appellants' first amended petition with prejudice for failing to state a cause of action. We affirm.

On March 9, 1983, appellants, Oliver and Helen Linsin, received a judgment in the amount of $750,000 against Citizen's Electric Company. The judgment was to be paid by U.S. Fidelity & Guarantee Compa-ny on behalf of Citizen's Electric. Vincent Igoe represented appellants in the action.

Sometime prior to April 14, 1983, respondent, Transportation Insurance Company, obtained a judgment against Vincent Igoe and Vincent Igoe, P.C. in the amount of $66,000. This judgment was registered in the Circuit Court of the City of St. Louis. On April 20, 1983, respondent, Attorney James M. Daly, at the request of and with approval of Transportation Insurance Company, filed a request for garnishment naming U.S. Fidelity & Guarantee Co. and Raymond V. Clifford, St. Louis County Circuit Clerk, as garnishees and Vincent Igoe and Vincent Igoe, P.C. as judgment debtors. The garnishment was released after Igoe settled his debt to respondents.

Subsequently, appellants filed suit alleging the garnishment resulted in the loss of use and interest on the proceeds of the judgment from the Citizen's Electric action in the amount of $2,000. Additionally, appellants alleged severe mental anguish and suffering. Appellants' first amended petition was dismissed for failure to state a cause of action.

Appellants contend that the trial court erred in dismissing their petition because the petition stated a cause of action in wrongful garnishment. Appellants also contend that their petition stated a cause of action in malicious prosecution and abuse of process.

In determining whether a petition states a claim upon which relief may be granted, we construe the pleading liberally in the plaintiffs' favor. *Hall v. Smith*, 355 S.W.2d 52, 55 (Mo.1962). We accept as true every fact alleged in the petition and we draw every favorable inference that may be reasonably drawn from those facts. *Rook v. Public School Retirement System*, 593 S.W.2d 905, 906 (Mo.App.1980). We determine whether the pleading invokes principles of substantive law which entitle plaintiff to relief. *Nelson v. Wheeler Enterprises, Inc.*, 593 S.W.2d 646, 647 (Mo. App.1980). If any combination of facts alleged in the petition would, upon proof, entitle plaintiff to relief, we must reverse

the trial court's order dismissing the petition. *White v. Mulvania,* 575 S.W.2d 184, 188 (Mo. banc 1978).

■ Appellant's petition on its face shows that respondents caused a writ and garnishment to be issued naming Raymond V. Clifford and U.S. Fidelity & Guarantee Co. as garnishees and Vincent Igoe and Vincent Igoe, P.C. as judgment debtors. The petition further states that respondents had no probable cause to believe that Vincent Igoe or Vincent Igoe, P.C. had any garnishable property interest in the hands of Raymond Clifford or U.S. Fidelity & Guarantee Co. Appellants concluded that the garnishments constituted wrongful garnishments as a matter of law.

Taken as true, appellants have failed to state a cause of action against respondents. Appellants, in their amended petition, have failed to state that the property which was garnished by respondents was their property. We can not assume that the only money held by U.S. Fidelity & Guaranty Co. and Raymond Clifford at the time of the garnishment belonged to appellants. They also failed to allege any abuse or misuse of the garnishment statute. As the amended petition stands, respondents' garnishment was against Vincent Igoe and Vincent Igoe, P.C. Any cause of action, based on the facts stated in the amended petition, would have to be brought by Vincent Igoe and Vincent Igoe, P.C. The trial court did not err in dismissing appellants' amended petition for failing to state a cause of action.

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.