**Roy BEAVERS, Jr., Valerie Beavers, Willet Beavers and Nancy Beavers, Appellants,**

v.

**THE EMPIRE DISTRICT ELECTRIC CO., Respondent.**

No. 21201.

Missouri Court of Appeals, Southern District, Division Two.

March 26, 1997.

Motion for Rehearing or Transfer to Supreme Court Denied April 17, 1997.

William J. Fleischaker, Roberts, Fleischaker, Williams, Wilson & Powell, Joplin, for appellants.

John S. Dolence, Spencer, Scott & Dwyer, P.C., Joplin, for respondent.

PARRISH, Judge.

Appellants brought an action for inverse condemnation in the Circuit Court of Jasper County, Missouri, contending respondent's operation of a 161,000 volt electrical transmission line physically located to the north of appellants' property was an unreasonable, unusual or unnatural use of the property on which the power line was physically situate; that the operation of the power line produced electromagnetic fields that damaged appellants' property to an extent that the use of

**250**

the appellants' property was impaired.[1] The trial court granted a motion to dismiss for lack of subject matter jurisdiction. This court reverses and remands for further proceedings.

Respondent, as defendant in the trial court, stated in its motion to dismiss:

Defendant states to the Court that this Court does not have subject matter jurisdiction over Plaintiffs' claim; that Plaintiffs' claim falls within the jurisdiction of the Missouri Public Service Commission, and therefore, Plaintiffs' claim should be dismissed by this Court.

Appellants contend the trial court erred in granting respondent's motion to dismiss because the petition pleaded an action for inverse condemnation, and an action for inverse condemnation is within the general class of causes of action which the Circuit Court of Jasper County has authority to hear. During the course of oral argument, respondent's attorney acknowledged that appellants' amended petition "met the elements" required to plead an inverse condemnation action.[2] Thus, the only issue on appeal is whether the trial court had "subject matter jurisdiction" with respect to appellants' action for inverse condemnation.

" 'Subject matter jurisdiction' is authority to determine the general question involved; if a petition states a case belonging to a general class over which the court's authority extends, the court has 'subject matter jurisdiction.' " *State v. Davis,* 830 S.W.2d 27, 30 (Mo.App.1992); *see also In re Marriage of Caby,* 825 S.W.2d 56, 59 (Mo. App.1992); *In re Marriage of Neal,* 699 S.W.2d 92, 94 (Mo.App.1985); *Corning Truck & Radiator Service v. J.W.M., Inc.,* 542 S.W.2d 520, 527 (Mo.App.1976).

Circuit courts have original jurisdiction over all cases and matters, civil and criminal. § 478.070, RSMo 1994. This includes actions seeking inverse condemnation. *See,* e.g., *State ex rel. Mo. Pac. R. Co. v. Moss,* 531 S.W.2d 82, 84–85 (Mo.App.1975); and *Harris v. L.P. & H. Const. Co.,* 441 S.W.2d 377, 381 (Mo.App.1969).

The judgment dismissing Count II of the amended petition for lack of subject matter jurisdiction is reversed. The case is remanded for further proceedings.

MONTGOMERY, C.J., and CROW, P.J., concur.

---

1. Appellants' petition contained two counts. Count II is the inverse condemnation claim. Count I was dismissed as barred by res judicata. There is no issue in this appeal regarding the dismissal of Count I.

2. Following oral argument, respondent filed a pleading entitled Request to Supplement Response to Oral Argument. That pleading cited *San Diego Gas & Elec. Co. v. Superior Court,* 13 Cal.4th 893, 55 Cal.Rptr.2d 724, 920 P.2d 669 (1996), in support of the action the trial court took in this case. The case addressed, *inter alia,* an attempt to plead an action in inverse condemnation and concluded that the petition in question failed to state a cause of action under

California law; that a required allegation that property was physically damaged was absent. 55 Cal.Rptr.2d at 753, 920 P.2d at 698. *San Diego Gas & Electric* does not assist respondent in this appeal. In this case there was no question presented to the trial court regarding whether appellants' petition pleaded a cause of action for inverse condemnation. An appellate court will not review an issue not expressly decided by the trial court. *Waldorf Inv. Co. v. Farris,* 918 S.W.2d 915, 918 (Mo.App.1996); *Crown Center Redevelopment Corp. v. Occidental Fire & Cas. Co.,* 716 S.W.2d 348, 357 (Mo.App. 1986).