**Joanne BOONE, Plaintiff–Appellant,**

v.

**LOU BUDKE'S ARROW FINANCE COMPANY, INC., Defendant–Respondent.**

**No. ED 80325.**

Missouri Court of Appeals, Eastern District, Division Four.

July 16, 2002.

Raymond Howard, St. Louis, MO, for appellant.

Michael P. Steeno, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Joanne Boone appeals the trial court's judgment as to her wrongful garnishment claim against Lou Budke's Arrow Finance Company. According to Ms. Boone, the trial court erred in: (1) sustaining the finance company's motion to dismiss her wrongful garnishment claim for lack of subject-matter jurisdiction, and (2) setting aside the default judgment entered against the finance company. Because the trial court maintained subject-matter jurisdiction over the wrongful garnishment claim, we reverse the dismissal of that claim. Since no final default judgment was entered, there is no basis for Ms. Boone's second claim of error and the cause is remanded for further proceedings.

The finance company obtained a judgment against Ms. Boone. Ms. Boone then filed for bankruptcy, but entered into a reaffirmation agreement promising to pay the finance company the amount owed. Following Ms. Boone's discharge in bankruptcy and pursuant to the reaffirmation agreement, the finance company filed an execution and garnishment of Ms. Boone's wages to satisfy her debt. Ms. Boone filed a wrongful garnishment action against the finance company based principally upon her discharge in bankruptcy. Because the

finance company did not answer her petition, the trial court entered an interlocutory order of default and inquiry in favor of Ms. Boone. The finance company remained in default and a hearing was later held to assess Ms. Boone's damages. After hearing, the trial court awarded Ms. Boone damages in the amount of $300,000. After learning of the second default order, the finance company filed a motion to set aside, alleging there was good cause for its failure to answer Ms. Boone's petition. The trial court granted the finance company's motion and set aside the second default order. The finance company then filed a motion to dismiss Ms. Boone's wrongful garnishment petition for lack of subject-matter jurisdiction. The trial court granted the finance company's motion, stating that the effectiveness of the reaffirmation agreement was based on bankruptcy law and therefore the federal court had exclusive jurisdiction over the matter. Ms. Boone now appeals.

At the outset, we must first construe the record. The trial court entered two separate orders relating to Ms. Boone's default against the finance company. First, the court entered an interlocutory order of default and inquiry on August 4, 1999, granting default to Ms. Boone. The court then entered a second default order on September 17, 1999, assessing damages against the finance company in the amount of $300,000. This second default, however, is not properly entitled a judgment, but only an order and we therefore cannot treat the September 1999 order as a judgment. Rule 74.01; *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo.1997). We now turn to Ms. Boone's points on appeal.

■ We first address Ms. Boone's jurisdictional claim raised, that the trial court lacked subject-matter jurisdiction over her wrongful garnishment claim. In its order and judgment, the trial court dismissed Ms. Boone's wrongful garnishment claim for lack of subject-matter jurisdiction, stating that the federal bankruptcy court maintained exclusive jurisdiction to determine whether the reaffirmation agreement discharged Ms. Boone's debt owed to the finance company. Subject-matter jurisdiction concerns "the nature of the cause of action or the relief sought" and exists only when the tribunal "has the right to proceed to determine the controversy or question in issue between the parties, or grant the relief prayed." *State Tax Com'n v. Administrative Hearing Com'n,* 641 S.W.2d 69, 72 (Mo.1982); *see* BLACK'S LAW DICTIONARY (7th ed.1999). In other words, " 'subject matter jurisdiction' is the authority to determine the general question involved; if a petition states a case belonging to a general class over which the court's authority extends, the court has 'subject matter jurisdiction.' " *Beavers v. Empire Dist. Elec. Co.,* 944 S.W.2d 249, 250 (Mo.App. S.D.1997). Here, the trial court has jurisdiction over wrongful garnishment tort actions such as Ms. Boone's claim. *See* section 478.070. And while the bankruptcy court's judgment discharging Ms. Boone's debt may collaterally estop the parties from raising further challenges as to the validity of the reaffirmation agreement, it does not deprive the court of subject-matter jurisdiction to hear Ms. Boone's wrongful garnishment claim. As such, the trial court erred in dismissing Ms. Boone's wrongful garnishment petition for lack of subject-matter jurisdiction.

Ms. Boone further argues that the trial court abused its discretion in setting aside the default judgment entered against the finance company pursuant to Rule 74.05. However, we do not reach this issue because, as stated above, no final judgment was ever entered by the trial court.

**558**

Because the trial court's second default order was not a valid judgment, but only an order, there is no basis for the claim of error. Therefore, we remand the cause to the trial court for further proceedings.

We further note that upon remand the finance company may yet be able to file a motion to set aside. Rule 74.05, which provides for the setting aside of a default, states as follows:

> Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made *within a reasonable time not to exceed one year after the entry of the default judgment.* Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. (Emphasis added.)

In accordance with this Rule, the finance company has a reasonable time not to exceed one year from the entry of default judgment to file its motion to set aside, alleging the necessary facts to show good cause as to why the default should be set aside. The judgment is reversed and remanded for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.