Stephanie WHIPPLE, Appellant,

v.

Ken ALLEN and Franklin Quick
Cash, LLC, Respondents.

No. ED 94495.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 19, 2010.

Frank Carlson, Sarah Tupper, Co–Counsel, Union, MO, for appellant.

Frederick Schwetye, Union, MO, John Reynolds, St. Louis, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Stephanie Whipple ("Whipple") appeals from the judgment of the Circuit Court of Franklin County granting Ken Allen's ("Allen") motion to dismiss for failure to state a claim upon which relief may be granted. Whipple claims the trial court erred in dismissing her First Amended Petition ("Petition"). We affirm in part and reverse in part.

### Factual and Procedural Background

On August 1, 2008, Whipple filed a four count Petition alleging two claims for conversion (Counts I and III) and two claims of negligence (Counts II and IV) against Franklin Quick Cash, LLC ("FQC") and Allen (collectively "Defendants").

FQC is in the business of making title and payday loans, and Allen is the registered agent of FQC. In her Petition, Whipple contended that Allen and FQC took her 1998 Plymouth Voyager from her possession on two separate occasions. Whipple alleged that she was lawfully entitled to immediate possession of the vehicle and that Defendants acted without authorization. Whipple also alleged that she asked Defendants to surrender possession of the vehicle, but Defendants refused.

Allen filed a motion to dismiss the Petition for failure to state a claim upon which relief may be granted. The trial court granted the motion and dismissed the petition as to Allen. The trial court amended the final judgment and order to certify that there was no just reason to delay appeal. Whipple now appeals the trial court's order dismissing her claims against Allen.

### Standard of Review

■ We review *de novo* a trial court's grant of a motion to dismiss for failure to state a claim upon which relief may be granted. *Lynch v. Lynch,* 260 S.W.3d 834, 836 (Mo. banc 2008). In reviewing a motion to dismiss, we construe the petition favorably to the plaintiff. *Indus. Testing Labs., Inc. v. Thermal Science, Inc.,* 953 S.W.2d 144, 146 (Mo.App. E.D.1997). We assume all of the averments in the petition are true and grant the plaintiff all reasonable inferences therefrom. *Gianella v. Gianella,* 234 S.W.3d 526, 529 (Mo.App.

E.D.2007). "We review the petition to determine whether the facts alleged meet the elements of a recognized cause of action.... If the allegations invoke the principles of substantive law entitling plaintiff to relief, the petition should not be dismissed." *Envirotech, Inc. v. Thomas,* 259 S.W.3d 577, 585 (Mo.App. E.D.2008).

### Discussion

In Whipple's sole point on appeal, she argues that the trial court erred in dismissing the Petition for failure to state a claim because the Petition alleged each element necessary to state a claim for conversion and negligence. We agree that the Petition states claims for conversion but find that it fails to state a claim for negligence.

■ Missouri is a fact-pleading state. *Jones v. St. Charles County,* 181 S.W.3d 197, 202 (Mo.App. E.D.2005). The overall purpose of fact pleading is "to enable a person of common understanding to know what is intended." *M & H Enters. v. Tri-State Delta Chemicals, Inc.,* 984 S.W.2d 175, 181 (Mo.App. S.D.1998) (internal citation omitted).

■ A petition must contain a short and plain statement of the facts showing that the pleader is entitled to relief. Rule 55.05 [1]; *M & H Enters.,* 984 S.W.2d at 181. Though "[t]he petition need not plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement." *Williams v. Barnes & Noble, Inc.* 174 S.W.3d 556, 559–60 (Mo.App. W.D.2005) (internal citation omitted). The petition cannot merely assert conclusions, and in determining whether a petition states a cause of action, we are to disre-

---

**1.** All rule references are to Mo. Sup.Ct. R.    (2008)

gard conclusions not supported by facts. *Id.* at 560.

### Conversion Claims

■ Counts I and III of the Petition set forth Whipple's conversion claims against Allen.

■ "To state a claim for conversion, a plaintiff must plead and prove [1] that he was entitled to possession, [2] the defendant exercised unauthorized control and [3] the defendant deprived plaintiff of his right to possession." *Envirotech, Inc. v. Thomas,* 259 S.W.3d at 592 (internal citations omitted).

The Petition alleges the following facts in paragraphs 8–9 (Count I) and paragraphs 22–23 (Count III):

On or about [March 8, 2005 in Count I and July 17, 2005 in Count III] in Franklin County, Missouri, defendants took from [Whipple] possession of [Whipple's] motor vehicle, a 1998 Plymouth Voyager, at which time:

a. defendants were not authorized to assume ownership or possession of the said vehicle;

b. defendants intended to exercise control over the said vehicle;

c. defendants did so to the exclusion of [Whipple's] rights in the said vehicle;

d. [Whipple] was the owner of the said vehicle;

e. [Whipple] was lawfully entitled to immediate possession of the said vehicle;

f. defendants appropriated the said vehicle to the use of defendants,

g. defendants thereby deprived [Whipple] of possession and control of the said vehicle.

Since the time of defendants' said [March 8, 2005 in Count I and July 17, 2005 in Count III] appropriation of the vehicle, [Whipple] has demanded that defendants surrender the vehicle to [Whipple], but defendants have refused to do so.

The Petition asserts facts establishing that Whipple was the owner of the vehicle at the time of the alleged takings, that she was entitled to immediate possession, and that Defendants took the vehicle without authorization and exercised control over the vehicle to her exclusion. Furthermore, the Petition alleges that defendants refused to return the vehicle upon demand. These facts satisfy the elements of a conversion claim. We are confident that a person of common understanding would know that Whipple is alleging that on the dates specified, Defendants, without authority, took Whipple's vehicle from her and refused to return the vehicle to her despite her demands.

■ Allen argues that the Petition is insufficient because it fails to make any allegations against him. However, the Petition specifically names Allen as a defendant and then references "defendants" throughout the Petition. Allen fails to cite this court to any authority that prevents a plaintiff from combining identical allegations against multiple defendants in the same paragraph. Though for purposes of clarity it may be beneficial for a plaintiff to separate identical allegations against different defendants, there is nothing that requires a plaintiff to do so.

■ Allen also argues that the Petition fails to state a claim because it fails to plead facts relating to the course and scope of the business relationship between Allen and FQC or necessary to pierce the corporate veil. The course and scope of Allen's relationship with FQC and piercing the corporate veil are irrelevant to Whipple's claims because she is not attempting to establish agency liability in this action.

Her claims against Allen are based on actions that Allen allegedly took in his individual capacity.

Accordingly, the trial court erred in finding that Whipple did not state a claim upon which relief may be granted in Counts I and III of the Petition. This portion of Whipple's point relied on is granted.

### Negligence Claims

 In Count II and Count IV, the Petition purports to state claims of negligence against Allen.

To state a claim for negligence, a plaintiff must plead facts that support each of the following elements: (1) the defendant had a duty to protect the plaintiff from injury; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injury. *Stein v. Novus Equities Co.*, 284 S.W.3d 597, 604–05 (Mo.App. E.D.2009).

In Counts II and IV, the Petition merely incorporates the facts alleged in the conversion claims and makes a conclusory assertion that "Defendants' aforesaid conduct was negligent." The "aforesaid conduct" referenced by Whipple are the same facts that Whipple alleges in her conversion claims. However, negligence and conversion are fundamentally different causes of action, which require a plaintiff to plead different facts in order to sufficiently state a claim. Whipple fails to plead any facts that establish a duty or a breach of duty on the part of Allen. Whipple's failure to plead these essential elements renders Counts II and IV of the Petition deficient.

As such, the trial court did not err in finding that Counts II and IV of the Petition fail to state claims upon which relief may be granted. This portion of Whipple's point relied on is denied.

### Conclusion

For the above stated reasons, we affirm the part of the trial court's judgment dismissing the negligence claims (Counts II and IV) against Allen. We reverse the part of the trial court's judgment dismissing Whipple's conversion claims (Counts I and III) against Allen. We remand for further proceedings consistent with this opinion.

KURT S. ODENWALD, P.J., and ROBERT G. DOWD, JR., J., concur.