

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| THOMAS E. HOWARD, JR., | ) | No. ED101669 |
| JANICE K. HOWARD and | ) | |
| HOWARD INVESTMENTS, LLC, | ) | |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 13SL-CC03317 |
| | ) | |
| THE FROST NATIONAL BANK and | ) | Honorable Tommy W. DePriest, Jr. |
| TD AMERITRADE, INC., | ) | |
| | ) | |
| Respondents. | ) | Filed: March 24, 2015 |

Thomas E. Howard, Jr., Janice K. Howard, and Howard Investments, LLC (collectively "Appellants") appeal the trial court's grant of a motion to dismiss Appellants' amended petition for failure to state a claim in favor of TD Ameritrade, Inc. ("Respondent"). Appellants' amended petition alleged claims for negligence, wrongful garnishment, and wrongful disclosure arising out of Respondent's disclosure of Appellants' account information and freezing of Appellants' accounts. We affirm in part and reverse and remand in part.

## I.      BACKGROUND

Thomas Howard and Janice Howard are a married couple, and they are the sole members and joint owners of Howard Investments, LLC, a Missouri LLC. The Howards are also the owners of certain brokerage accounts maintained by Respondent.

In a prior lawsuit, the Frost National Bank ("Frost Bank") obtained a judgment against Thomas Howard individually,[1] but not against Janice Howard or Howard Investments, LLC. Subsequently, on May 31, 2013, Frost Bank filed a garnishment action to collect the judgment, naming Respondent as the garnishee. In the garnishment, Frost Bank gave the following instructions to Respondent: "ATTACH ALL ACCOUNTS OF DEBTOR, INCLUDING BUT NOT LIMITED TO ACCOUNT NO. 789-045389" (emphasis in original). The garnishment listed Thomas Howard as the debtor. In the garnishment, Frost Bank also instructed Respondent to freeze any accounts associated with the debtor.

In response to the garnishment action, Respondent filed an interrogatory answer with the garnishment court that identified four separate accounts. The four accounts identified by Respondent disclosed the account name, account number, and the account "liquidation value" (the cash balance presently in the account). Simultaneously, Respondent also froze the four accounts as instructed by Frost Bank, thereby cutting off Appellants' use and access to the accounts.

Of the four accounts that were identified and frozen by Respondent, one was owned by Thomas Howard individually, one by Thomas Howard and Janice Howard jointly, one by Howard Investments, LLC, and one by Thomas Howard and Janice Howard in their capacity as joint owners of Howard Investments, LLC (the three accounts not owned by Thomas Howard individually will be collectively referred to as "the three accounts"). Respondent froze the three accounts for approximately ten days. The value of the three accounts at the time of freezing was in excess of $3 million.

---

[1] There were technically two judgment debtors in the underlying lawsuit, Thomas Howard and a trust of which Thomas Howard was a beneficiary. Because the distinction between the two debtors is not relevant to the issues of this appeal, we refer only to Thomas Howard individually.

2

Appellants notified Frost Bank and Respondent that they considered the freezing of the three accounts and their disclosure to the trial court in the garnishment action improper, because Frost Bank's judgment was only against Thomas Howard individually. Soon thereafter, Appellants filed a petition against Frost Bank and Respondent, alleging claims for negligence, wrongful garnishment, and wrongful disclosure. Appellants settled their claims against Frost Bank, which is no longer a party to this action. On May 15, 2014, the trial court granted Respondent's motion to dismiss Appellants' amended petition for failure to state a claim upon which relief can be granted. This appeal followed.

## II. DISCUSSION

Appellants present three points on appeal. For points one, two, and three, Appellants assert that the amended petition adequately stated claims for negligence, wrongful garnishment, and wrongful disclosure, respectively.

### A. Standard of review

We review a trial court's grant of a motion to dismiss de novo. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). The facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiffs. *Id*. The petition states a claim if it sets forth any set of facts that, if proven, would entitle the plaintiffs to relief. *Id*. "Missouri is a fact-pleading state." *Whipple v. Allen*, 324 S.W.3d 447, 449 (Mo. App. E.D. 2010). Accordingly, though a "petition need not plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement." *Id*. (quotations omitted). We disregard conclusions not supported by facts in the context of assessing a motion to dismiss. *Id*. at 449-50.

**B.     Negligence**

In their first point on appeal, Appellants assert that the trial court erred in dismissing their negligence count, because the amended petition pleaded all the essential elements of a negligence claim.  We agree.

To state a claim for negligence, a plaintiff must allege, (1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks; (2) breach of the duty; (3) proximate causation; and (4) actual damages.  *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc./Special Products, Inc.*, 700 S.W.2d 426, 431 (Mo. banc 1985).

On appeal, as in its motion to dismiss, Respondent only asserts that Appellants did not adequately plead actual damages.  This argument must fail.  The amended petition included multiple allegations of damages proximately caused by Respondent's disclosure and freezing of Appellants' accounts.  Specifically, the amended petition alleged that, (1) Appellants' private financial information was disclosed to the public; (2) when Appellants repeatedly attempted to use their accounts, they were barred from accessing over $3 million in assets specifically held for investment purposes for a period of ten days, and as a result were prohibited from making any investment trades during that time; and (3) Respondent disclosed that Appellants had assets in excess of $3 million to Appellants' opponent in the underlying lawsuit, Frost Bank, at a time when Appellants and Frost Bank were negotiating a settlement and the disclosure affected the settlement value of that case.

Appellants need not quantify the exact amount of their damages in their amended petition in order to survive a motion to dismiss.  In fact, Missouri Supreme Court Rule 55.19 (2014) specifically prevents a petition based on an alleged tort[2] from including a dollar amount in the

---

[2] A claim for negligence sounds in tort.  *See Murphy v. Missouri Power & Light Co.*, 214 S.W.2d 742, 743 (Mo. App. 1948).

demand. Appellants pleaded that the freezing of the accounts prevented them from making stock trades they attempted to make. The specific nature of these trades and any financial loss caused by the inability to make them must be investigated in the discovery portion of the lawsuit. This is also true of the disclosure's effect on the settlement value of the underlying lawsuit; discovery is required to determine the extent of the damages. In each instance, the allegation of harm, along with the other elements of the cause of action which are not contested, is sufficient to survive a motion to dismiss. We treat the facts alleged in the petition as true and construe them liberally in favor of the plaintiffs. *Lynch*, 260 S.W.3d at 836. The amended petition has stated a claim, because if Appellants prove the facts it sets forth, they would be entitled to relief. *See id.*

The trial court erred in dismissing the amended petition's negligence claim, because it stated all the elements of the cause of action. Point one is granted.

## C. Wrongful garnishment

In their second point on appeal, Appellants assert that the trial court erred in dismissing their wrongful garnishment count, because the amended petition pleaded all the essential elements of a wrongful garnishment claim. We disagree.

The parties disagree as to whether wrongful garnishment is a cognizable cause of action in Missouri. Respondent contends that wrongful garnishment must be pleaded as a malicious prosecution or an abuse of process claim. However, as Appellants indicate, multiple Missouri cases have allowed the cause of action in the past. *See Boone v. Lou Budke's Arrow Finance Co., Inc.*, 98 S.W.3d 555, 557 (Mo. App. E.D. 2002); *Thomas Berkeley Consulting Engineer, Inc. v. Zerman*, 911 S.W.2d 692, 697 (Mo. App. E.D. 1995); *Pinkstaff v. Hill*, 827 S.W.2d 747, 749, 753 (Mo. App. W.D. 1992).

5

In order to state a claim for wrongful garnishment, a plaintiff must allege that the garnished property is his property and also must allege abuse or misuse of the garnishment statute. *Linsin v. Transportation Ins. Co.*, 691 S.W.2d 393, 394-95 (Mo. App. E.D. 1985). Appellants have not alleged any abuse or misuse of the garnishment statute by Respondent. Under the facts alleged, Frost Bank, not Respondent, filed the garnishment action, and Respondent has not initiated any legal action against Appellants. In each case cited by Appellants, the creditor, as the originator of the garnishment, served as the defendant. *See Boone*, 98 S.W.3d at 556; *Zerman*, 911 S.W.2d at 694; *Pinkstaff*, 827 S.W.2d at 749. Appellants identify no controlling case law allowing a claim for wrongful garnishment against the garnishee rather than the creditor.

Because Respondent did not file a garnishment against Appellants, the trial court did not err in dismissing Appellants' wrongful garnishment claim. Point two is denied.

**D.      Wrongful disclosure**

In their third and final point on appeal, Appellants assert that the trial court erred in dismissing their wrongful disclosure claim, because the amended petition pleaded all the essential elements of a wrongful disclosure cause of action. Specifically, Appellants contend that the amended petition stated a claim for relief under the Gramm-Leach-Bliley Act, 15 U.S.C. section 6801 (2010), et seq. ("GLBA"), which prevents financial institutions from releasing private customer information. Further, Appellants argue that the amended petition stated a claim for invasion of privacy. We disagree.

First, the privacy provisions of the GLBA do not establish a private cause of action for consumers. *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007). As such, Appellants may not state a claim for relief pursuant to this statute as a matter of law.

6

We next turn to Appellants assertion that their amended petition stated a claim for common law invasion of privacy. The tort of invasion of privacy actually consists of four separate causes of action, (1) intrusion on the plaintiff's seclusion or private affairs; (2) public disclosure of embarrassing private facts; (3) publically placing plaintiff in a false light; and (4) the appropriation of plaintiff's name or likeness. *St. Anthony's Medical Center v. H.S.H.*, 974 S.W.2d 606, 609 (Mo. App. E.D. 1998). The first and second causes of action, intrusion on seclusion and public disclosure of embarrassing private facts, are the only causes of action relevant in this case.

Intrusion on seclusion requires that the defendant obtain the information in question by unreasonable means. *Id*. at 609-10. Under the facts as alleged, Appellants have not pleaded that Respondent obtained their financial information through such unreasonable means, as Appellants themselves disclosed it to Respondent in the context of their financial relationship.

Similarly, pleading public disclosure of embarrassing private facts requires that the defendant have acted "so as to bring shame or humiliation to a person of ordinary sensibilities." *See Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 498-99 (Mo. App. E.D. 1990). Respondent disclosed that Appellants had over $3 million in assets available to them in their investment accounts. Nowhere in their amended petition do Appellants allege that such disclosure would bring shame or humiliation to a person of ordinary sensibilities, nor could they reasonably do so.

Appellants have not stated a claim for wrongful disclosure under the GLBA, for intrusion on seclusion, or for public disclosure of embarrassing private facts. Point three is denied.

7

### III.   CONCLUSION

The portion of the trial court's judgment granting Respondent's motion to dismiss Appellants' negligence claim is reversed and remanded for proceedings consistent with this opinion.  The portion of the trial court's judgment granting Respondent's motion to dismiss Appellants' wrongful garnishment and wrongful disclosure claims is affirmed.


_____
ROBERT M. CLAYTON III, Judge

Patricia L. Cohen, P.J., and
Roy L. Richter, J., concur.